**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BURNIS JAMES** § | |
| § | |
| § | |
| **v.** § | **CIVIL ACTION NO.: 2:17-cv-113** |
| § | **JURY DEMANDED** |
| § | |
| **COMPLETE FACILITIES MAINTENANCE,** § | |
| **INC. DBA SERVICEMASTER FACILITIES** § | |
| **MAINTENANCE** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. JURISDICTION AND PARTIES

1. Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, providing for relief against discrimination on the basis of disability in employment.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

   (a) a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

   (b) A Notification of Right to Sue was received from the EEOC on January 13, 2017.

   (c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, Burnis James, is a citizen of the United States and the State of Texas who resides in Cass County, Texas.

4. All the discriminatory employment practices alleged herein were committed within the State

of Texas.

5. Defendant, Complete Facilities Maintenance, Inc. DBA Servicemasters Facilities Maintenance (hereinafter "Servicemasters"), has continuously been and is now a Tennessee corporation doing business in Domino, Texas. Defendant's registered agent for service is Vincent B. Lee, 4395 S. Mendenhall Rd., Memphis, TN 38141-6714 upon whom service may be obtained.

6. SERVICEMASTERS is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. SERVICEMASTERS is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. SERVICEMASTERS employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## II. STATEMENT OF FACTS

9. Plaintiff was an employee of Defendant. Plaintiff was hired by Defendant at its operation at the International Paper plant located in Domino, Texas on November 15, 2015. Plaintiff was hired to perform maintenance duties at the IP plant. Plaintiff fully, adequately and completely performed all of his job duties. Prior to Plaintiff's injury, Plaintiff received no disciplinary actions against him.

10. Plaintiff, within the course and scope of his employment with Defendant, was injured on December 14, 2015 when the deck lid of a vehicle fell on his head when he was unloading supplies. Plaintiff suffered from immediate pain and was taken to the IP plant medical facility and sent home. On December 16, 2015, Plaintiff went to the emergency room in Atlanta, Texas. Plaintiff was later seen at Healthcare Express which diagnosed him with a cervical strain and a bulging disc. Subsequently, Plaintiff filed for worker's compensation benefits. Plaintiff was put

on light duty by his physician, however, Plaintiff was asked to violate his restrictions after he hired a worker's compensation attorney.

11. Defendant refused to honor Plaintiff's work restrictions imposed by his doctor. Plaintiff request, but was refused accommodation of his physical limitations. Defendant failed to determine what, if any, accommodation could be made regarding Plaintiff's physical limitations.

12. After he filed for worker's compensation benefits, Plaintiff was issued two write-ups. Plaintiff believes, and therefore alleges, that the write-ups and subsequent termination were in retaliation for his filing of the worker's compensation claim.

### III. CLAIMS FOR RELIEF

### (A) Americans with Disabilities Act

13. From the time of Plaintiff's diagnosis, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and was regarded by Defendant as having such an impairment.

14. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job with Defendant.

15. Despite his doctor's directives regarding the limitation on Plaintiff's physical limitations, Defendant refused to make reasonable accommodation to Plaintiff.

16. Defendant's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment. Defendant's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

17. Defendant failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

18. In failing to make reasonable accommodation to Plaintiff's physical disability, Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

19. Alternative, Defendant directly discriminated against Plaintiff in terminating him on the basis of his actual or perceived disability in violation of the ADA.

### (B) Worker's Compensation Retaliation

20. Plaintiff alleges that he was discriminated and retaliated against in violation of Texas Labor Code § 451.001 et. seq. because he had engaged in protected activities under the Texas Worker's Compensation Act.

21. Plaintiff seeks back pay, front pay and or lost wages and benefits in the past and future. Further, Plaintiff is entitled to compensatory damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future.

22. Additionally, Plaintiff is entitled to recover punitive damages against Defendant because Defendant acted with malice or, at least, with reckless and/or conscious indifference to Plaintiffs' state protected rights to be free from discrimination and retaliation, as contemplated by Texas Labor Code Section 451.

### IV. DAMAGES

23. As a direct and proximate result of Defendant's discrimination on the basis of disability and violation of the ADA and./or violation of Texas Labor Code §451.001 *et seq.*, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

24. Defendant's violation of Plaintiff statutory rights has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment

of life, and other non-pecuniary losses.

25. Defendant intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's discharge of Plaintiff.

26. Plaintiff's harm was a result of the Defendant's actual malice or reckless indifference to Plaintiff's protected rights, thus Plaintiff seeks exemplary damages.

27. Plaintiff is entitled to recover her reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 2000e.

28. Plaintiff demands trial by jury.

## V. RELIEF REQUESTED

29. Plaintiff requests the judgment of this Court against Defendant as follows:

   (a) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of her disability;

   (b) Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, but for Defendant's acts of discrimination/retaliation;

   (c) Order that Defendant reasonably accommodate Plaintiff;

   (d) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

   (e) Requiring Defendant pay to Plaintiff damages for mental distress imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

   (f) Award Plaintiff his attorney fees, including litigation expenses, and the cost of this action; and

   (g) Grant such other and further relief as may be just and proper.

Respectfully submitted,

\_\_\_/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Fax

ATTORNEY FOR PLAINTIFF